**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MASEDONIA CASTANEDA TELLEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-71184 <br><br> Agency Nos. A202-098-874 <br> A202-098-875 <br> A202-098-876 <br> A202-098-877 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2020[**]
Portland, Oregon

Before: M. MURPHY,[***] BENNETT, and MILLER, Circuit Judges.

Masedonia Castaneda Tellez, and her four minor children, natives and

citizens of Mexico, seek review of a Board of Immigration Appeals order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

dismissing their appeal from an immigration judge's decision denying Castaneda Tellez's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Castaneda Tellez's children sought relief as derivative beneficiaries. *See* 8 U.S.C. § 1158(b)(3)(A). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     The Board determined that Castaneda Tellez's proposed particular social group of "single mothers and family members of teens who are harassed and threatened in school by cartels" is not cognizable because it is "improperly circular" and lacks particularity and social distinction. Castaneda Tellez argues that the Board erred in deeming the group's definition to be improperly circular, but she does not address the Board's finding that the group lacks particularity and social distinction. The latter finding is sufficient to support the Board's conclusion, and it is supported by substantial evidence because no record evidence demonstrates the boundaries of the group or establishes that it is perceived as a group by Mexican society. *See Garay Reyes v. Lynch*, 842 F.3d 1125, 1135, 1137–38 (9th Cir. 2016); 8 U.S.C. § 1252(b)(4)(B).

2.     Castaneda Tellez argues the Board should have considered whether she faced persecution on the basis of her membership in a particular social group consisting of her family. That group was not presented to the immigration judge, and the Board concluded that Castaneda Tellez "does not claim past and feared

2

future persecution on the basis of membership in her family alone; instead, she claims past and feared future persecution on account of being a family member of someone (her eldest son) threatened and harassed by gangs in Mexico." The Board's conclusion was consistent with Castaneda Tellez's prehearing statement, her testimony, and counsel's representations at the hearing.

3.      The Board held that Castaneda Tellez waived her claim of persecution on account of political opinion because she did not raise it before the immigration judge. Nonetheless, the Board reached the merits of that claim and correctly rejected it. Castaneda Tellez and her son's opposition to the cartel, by itself, does not constitute a political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) ("[A] general aversion to gangs does not constitute a political opinion for asylum purposes."), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013).

4.      The Board also held that Castaneda Tellez waived her CAT claim because she did not offer any argument contesting the immigration judge's decision. Castaneda Tellez does not address or challenge the waiver determination, so she has waived that ground for relief here. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

**PETITION DENIED**.

3